RECEIVED
IN LAKE CHARLES, LA
JUN 10 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20207-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| SHANNON DWAYNE NELSON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence [docs. 75] pursuant to 28 U.S.C. §2255. The Government filed a Answer [doc. 77] and the defendant filed reply [doc. 79].

The defendant claims that counsel was ineffective during the plea and sentencing by:

1) Failing to argue for the application of U.S.S.G. § 3E1.1;

2) Failing to preserve this issue for appeal; and

3) Failing to object to the Presentence Report's failure to give credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

## PROCEDURAL HISTORY

On September 8, 2005, a federal grand jury returned a two-count indictment against Shannon Dewayne Nelson "Nelson". Count One charged Nelson with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Count Two was a forfeiture count. (Rec. Doc. 1).

The case proceeded to trial on March 7, 2006. On the second day of trial a mistrial was declared as the jury could not reach a verdict. The defendant was released on bond pending retrial.

However, on the date that the case was set for trial, June 26, 2006, the defendant failed to appear. Therefore, a bench warrant was issued. (Rec. Docs. 14, 16, 25, 44). The next day the defense attorney advised the Court that Nelson intended to plead guilty to the felon in possession charge. Nelson was ordered detained until the time of his plea. (Rec. Doc. 48). On July 19, 2006, the defendant entered a plea of guilty to Count One of the indictment. The plea agreement provided that the government would not prosecute him for his failure to appear for his retrial. (Rec. Docs. 51-52).

On December 13, 2006, the defendant was sentenced to 120 months imprisonment. (Rec. Docs. 60-61). On November 27, 2007, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction. On March 3, 2008, the United States Supreme Court denied the petition for writ of certiorari. (Gov. Exh. A).

## FACTS

The factual stipulation filed into the record at the time of the guilty plea indicates that on July 3, 2004, a Caddo Parish Sheriff's Deputy stopped a vehicle for turning without signaling. The driver indicated that he was turning abruptly without signaling because he was following directions by one of the two men to whom he was giving a ride. The defendant, who was sitting in the front passenger seat, was squirming and attempting to get out of the vehicle. When the officers checked

underneath the passenger seat, where the defendant had been sitting, they found a Bryco .38 semi-automatic pistol. The defendant had two prior felonies. (Rec. Doc. 52-3).

## Law and Analysis

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United*

3

*States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008).

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A prisoner who collaterally attacks his conviction can establish cause for his procedural default "if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule or that his attorney's performance failed to meet the [*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997)(internal quotations omitted). A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence. *Id.* at 1465 n.5. To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted).

Nelson argues ineffective assistance of counsel in his §2255 motion. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that

4

the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second- guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Nelson argues that his attorney was ineffective for failing to request the application of U.S.S.G. §3E1.1 for acceptance of responsibility failing to preserve this issue for appeal, and failing

to object to the failure to include acceptance of responsibility credit in the Presentence Report.

The Presentence Report indicates that the defendant denied knowledge of the firearm during the initial investigation and continued to do so at the first trial. The Presentence Investigation Report refers to "Application Note 4 to the Commentary of U.S.S.G. § 3E1.1 providing that conduct resulting in an enhancement under U.S.S.G. § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Since the defendant had failed to appear for trial that enhancement was applied and, therefore, the defendant was not entitled to a reduction for acceptance of responsibility. (PSI, para. 15). The Presentence Investigation Report also provides that the defendant's offense level was increased by two levels under U.S.S.G. § 3C1.1 for obstruction of justice. (PSI, para. 14).

Although counsel did not argue for an acceptance of responsibility reduction, any such argument had little chance of succeeding. Nelson was found to have obstructed justice. For that reason, a reduction for acceptance of responsibility was highly unlikely. *See* U.S.S.G. § 3E1.1, application note 4; *United States v. Aymelek*, 926 F.2d 64, 69 (1st Cir.1991) (the defendant who obstructs justice "will thereby effectively forfeit a credit for acceptance of responsibility" under the guidelines); *United States v. Mata-Grullon*, 887 F.2d 23, 24 (1st Cir.1989) (defendant's falsehoods "militate against" a reduction for acceptance of responsibility).

Nelson was assessed points for obstruction of justice. Because of this, objecting to the Presentence Investigation Report would not have changed the defendant's offense level and sentence, the attorney's actions in failing to object and failing to ask for an acceptance of responsibility adjustment were reasonable and did not prejudice the defendant. The attorney cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995).

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 26 day of May, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE